IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

      Plaintiff,

  v.

**TY RAY NUNES,**

      Defendant.

No. 1:16-CR-00297-1-MC
No. 1:17-CR-00263-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Ty Ray Nunes moves for compassionate release based on the circumstances of the rapidly evolving COVID-19 pandemic. Because Mr. Nunes remains a danger to the community, his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No.'s 29 & 37, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Nunes's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Nunes is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

The Court originally sentenced Mr. Nunes to two concurrent 145-month sentences for one count of possession of methamphetamine and another count for felon in possession of a firearm and unlawful possession of a short-barreled shotgun. *See* J. & Commitment, ECF No. 22. Mr. Nunes has a projected release date of May 27, 2027. Def.'s Mot. 3, ECF No. 29.

Mr. Nunes is only 36 years old and suffers from hypertension, high blood pressure, cellulitis, and a history of smoking methamphetamine. Def.'s Mot. 3; *see also* Ex. A.[1] Mr. Nunes is also serving his prison term in FCI Lompoc, which at one point had the highest rate of COVID-19 infection of any Bureau of Prison facility in the United States. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. Because of the

---

[1] Exhibits cited in this Opinion are attached to Def.'s Mot., ECF No. 29.

ongoing COVID-19 pandemic and Mr. Nunes's underlying health conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Nunes's has met the extraordinary and compelling reasons criteria, Mr. Nunes has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Mr. Nunes's concurrent sentences stemmed from the discovery of 94.6 grams of methamphetamine and possession of two firearms, including a stolen short-barreled shotgun. Pre-Sentence Report ("PSR") 2, ECF No. 14. Police found this contraband after Mr. Nunes had led officers on a high-speed chase and tried to flee on foot. *Id.* This was not Mr. Nunes's first conviction. Mr. Nunes has been convicted of robbery, delivery of methamphetamine, and attempt to elude, among others. Gov.'s Resp. 5, ECF No. 27. Mr. Nunes has also struggled while on probation or supervised release. PSR 2. While the Court commends Mr. Nunes for his behavior while incarcerated for the last three years, the Court ultimately agrees with the Government that Mr. Nunes has failed to demonstrate that he is no longer a danger to the community.

3 – OPINION AND ORDER

Because of his long and often violent criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Nunes. The Court thus finds that Mr. Nunes remains a danger to the community.

## CONCLUSION

For these reasons, Mr. Nunes's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No.'s 29 & 37, is DENIED.

IT IS SO ORDERED.

DATED this 26th day of January, 2021.

                                              ___s/Michael J. McShane_____  
                                              Michael J. McShane  
                                              United States District Judge